IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALVIN LOFTON § | |
| § | |
| V. § | |
| § | A-06-CA-387-AWA |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: Plaintiff's Motion for Summary Judgment and Brief in Support of Remand (Clerk's Doc. No. 18) filed November 14, 2006; Defendant's Motion to Dismiss Plaintiff's Case and Incorporated Memorandum in Support (Clerk's Doc. No. 19) filed December 11, 2006; and Plaintiff's Response to Motion to Dismiss Due to Lack of Jurisdiction (Clerk's Doc. No. 20) filed December 11, 2006.

Plaintiff filed an application for disability benefits under Title XVI of the Social Security Act on December 29, 2003. He filed an application for Title II benefits on January 1, 2004. Both claims were denied initially, denied upon reconsideration, and plaintiff requested an administrative hearing on both. On October 18, 2005, an Administrative Law Judge issued a decision denying Plaintiff's request for benefits. That decision only covered Plaintiff's Title II application and not the Title XVI application. Plaintiff requested a review of that decision by the Appeals Council. The request was denied on March 21, 2006. Plaintiff filed his present Complaint on June 5, 2006. While the present cause of action was pending, the ALJ issued a new administrative decision on August 23, 2006, addressing both the Title II and Title XVI applications. Plaintiff appealed the August 2006 decision to the Appeals Council and a reply in that action is pending. Both parties agree that this Court lacks jurisdiction over plaintiff's current claims and that the case should be dismissed without prejudice.

Section 405(g) of the Social Security Act ("Act") provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain [judicial] review of such decision by a civil action commenced within sixty days. . . ." 42 U.S.C. § 405(g).  This right is conditioned on compliance with the procedures set out in the Act, namely proper and timely exhaustion of remedies at the agency level. 42 U.S.C. § 405(h).  The jurisdiction of the Court, therefore, depends on whether the plaintiff has exhausted his administrative remedies such that the decision he challenges amounts to a "final decision" within the meaning of the Act.  *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir. 1992).

The Social Security regulations provide for a four-step process through which administrative remedies must be exhausted as a condition precedent to seeking judicial review.  First, after filing a claim for benefits, the regional SSA office makes an initial determination by either granting or denying the request for benefits. 20 C.F.R. §§ 404.900(a)(1), 404.902.  Second, if the claimant is dissatisfied with the initial determination, the claimant may make a written request for reconsideration within sixty days after being notified of the original determination.  20 C.F.R. § 404.409(a)(1).  After reviewing the claim again, the Commissioner issues a "reconsidered determination." 20 C.F.R. § 404.920.  Third, if still dissatisfied, the claimant may, within sixty days of the reconsidered determination, request a hearing before an ALJ. 20 C.F.R. § 404.933(b)(1).  The ALJ then issues a written decision giving the findings of fact and the reasons for his decision. 20 C.F.R.  § 404.953(a).  Lastly, if still dissatisfied, the claimant may seek review of the written decision by filing a request with the Appeals Council within sixty days. 20 C.F.R. § 404.968(1). The Appeals Council may either review the decision, or deny the request for review.  20 C.F.R.

§ 404.967. The claimant may seek judicial review only after completing the above four-step process. *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993).

In the case at bar, Plaintiff's appeal of the ALJ's decision to the Appeals Council has yet to be ruled upon. Since Plaintiff's action before the Appeals Council is still pending, the Commissioner has yet to render a "final decision" in this case and the Court lacks jurisdiction over Plaintiff's claim. *Harper v. Bowden*, 813 F.2d 737, 743 (5th Cir. 1987). Accordingly, dismissal of Plaintiff's current claims without prejudice to refiling is proper.

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Case and Incorporated Memorandum in Support (Clerk's Doc. No. 19) and **DISMISSES** Plaintiff's cause of action **WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that this cause of action is **CLOSED** and that all pending motions are **DENIED AS MOOT**.

SIGNED this 29th day of January, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE